UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-23930-Civ-COOKE/TORRES

JUDITH LAWRENCE,

    Plaintiff,

vs.

VETERANS ADMINISTRATION,
DR. JOHN C. OELTJEN, ARTHUR
DESROSIERS, and THE UNIVERSITY
OF MIAMI,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CASE is before me on Defendants University of Miami and John C. Oejtjen, M.D.'s Motion to Dismiss Plaintiff's Amended Complaint ("Motion") (ECF No. 18), which Defendant Arthur E. Desrosiers also joined (ECF No. 19). For the reasons below, Defendants' Motion is granted.

### I.  BACKGROUND

*Pro se* plaintiff Judith Lawrence ("Lawrence" or "Plaintiff") files this action against Defendants related to problems surrounding her breast reduction surgery. Lawrence's original Complaint sought damages under the Federal Tort Claims Act, and her Civil Cover Sheet lists a cause of action under a portion of the Medicaid Act, 42 U.S.C. § 1396 (ECF Nos. 1, 1-1). Lawrence also filed an Amended Complaint (ECF No. 12), which I will consider as incorporating the claims made in her original Complaint.

### II.  LEGAL STANDARDS

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

1

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.* Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). The complaint must also "give the defendant fair notice of what the [ ] claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (citations omitted).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998). But the leniency shown to *pro se* litigants "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (internal quotation marks and citations omitted). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citations omitted).

### III.   DISCUSSION

Plaintiff's Complaint falls below federal pleading requirements. In addition to providing a "short and plain" statement of claims and the relief to which a party is entitled under Federal Rule of Civil Procedure 8 ("Rule 8"), a plaintiff must also "present each of her claims in a separate numbered paragraph, with each paragraph limited as far as practicable to a single set of circumstances" under Federal Rule of Civil Procedure 10 ("Rule 10"). *Luft v. Citigroup Glob. Mkts. Realty Corp., et al.*, 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation marks omitted). "A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Id.*

Here, Plaintiff's four-paragraph Complaint does not follow either Rule 8 or Rule 10. The Complaint remarks about Defendants' wrongdoings but does not give proper notice to Defendants about the nature of Plaintiff's claims. While Plaintiff refers to the Federal Tort Claims Act, for example, she does not specify how and why the law applies in this matter. In addition, the Complaint does not contain numbered paragraphs as required under Rule 10. Taken together, dismissal of Plaintiff's Complaint is warranted. Based on how the

Complaint currently stands, I am also skeptical about whether a federal court has subject matter jurisdiction to hear this matter. But without additional jurisdictional details from Plaintiff in her Complaint, I will not formally rule on whether a federal court could ever have subject matter jurisdiction in this case.

### IV.   CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Motion") (ECF No. 18) is **GRANTED**. This case is **DISMISSED** *without prejudice*. All pending motions, if any, are **DENIED** *as moot*. The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, this 30th day of May 2016.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*

*Counsel of record*

Judith Lawrence, *Pro se*
9832 Seminole Pratt Whitney Rd
West Palm Beach, FL 33412